1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT FOR THE

7                 EASTERN DISTRICT OF CALIFORNIA

8

9   UNITED STATES OF AMERICA,

10                 Plaintiff,
                                        CIV. NO. S-05-0744 EJG
11          v.                          CR. NO. S-03-0090 EJG

12   LUIS LOPEZ MIRANDA,                ORDER DENYING MOTION TO
                                        VACATE, SET ASIDE OR CORRECT
13                 Defendant.           SENTENCE
                                   /
14

15          Defendant, a federal prisoner proceeding pro se, has filed a

16   motion to vacate, set aside or correct his sentence.  After

17   reviewing the record and the documents filed in connection with

18   the motion, the court has determined that it may be decided

19   without a hearing and without a response from the United States

20   because the files and the records of the case affirmatively show

21   the factual and legal invalidity of defendant's motion.  Shah v.

22   United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989).  For the

23   reasons set forth below, the motion is DENIED.

24   ///

25   ///

26                               1

1

## BACKGROUND

2      On March 19, 2004, defendant pled guilty to one count of
3  distribution of methamphetamine, in violation of 21 U.S.C. §
4  841(a)(1).  He was sentenced July 16, 2004, to a term of 120
5  months imprisonment and 60 months supervised release.  Pursuant
6  to the terms of his plea agreement, defendant waived appeal and
7  collateral attack of his sentence and conviction.  Now, more than
8  one year after he pled guilty and nine months after his judgment
9  of conviction became final, defendant has filed the instant
10  motion seeking to vacate, set aside or correct his sentence
11  pursuant to 28 U.S.C. § 2255, couching substantive challenges to
12  his plea and sentence in terms of ineffective assistance of
13  counsel.

14

## DISCUSSION

15      As part of his plea agreement the defendant agreed to waive
16  his right to appeal his sentence and conviction, as well as his
17  right to collaterally attack his plea and sentence, so long as
18  his sentence did not exceed 10 years imprisonment.  Plea
19  Agreement, ¶ VI.B (attached as Exhibit 1).  Defendant's waiver of
20  his appellate rights is enforceable as long as the waiver
21  encompasses the grounds raised in the challenge and is knowingly
22  and voluntarily made.  United States v. Joyce, 357 F.3d 921, 922-
23  23 (9th Cir. 2004) (upholding waiver of appellate rights); United
24  States v. DeJarnette, 63 Fed. Appx. 284 (9th Cir. 2003)
25  (upholding waiver of appeal and collateral attack).

26                           2

1    Here, defendant's waiver is broad and clearly encompasses
2    the collateral attack set out in his § 2255 motion.  This is not
3    an instance where the plea agreement provides a limited waiver,
4    listing exceptions in which appellate or post-conviction attacks
5    are contemplated.  See e.g.  United States v. Aureoles, 2005 WL
6    661433 (9th Cir., March 22, 2005) (plea agreement expressly
7    reserved right to bring post-conviction attack based on
8    ineffective assistance of counsel)[1]; United States v. Shimoda,
9    334 F.3d 846 (9th Cir. 2003)(defendant retained right to
10   challenge upward departure in collateral attack).

11       In addition, defendant has not alleged or demonstrated that
12   his waiver was either involuntary or unknowing.  The plea
13   agreement is clear in its expression of the waiver and defendant
14   cannot legitimately contend he did not know the meaning of the
15   waiver where the agreement bears his signature, and he was
16   specifically questioned by the court about his understanding of
17   the waiver during the plea colloquy.  Because defendant has
18   waived his right to collaterally attack his sentence, the motion
19   is DENIED.
20   ///
21   ///
22

23       [1] Pursuant to Rule 36-3 of the Rules of the Ninth Circuit Court of Appeals, unpublished
     dispositions are not precedent and may not be cited except in certain limited circumstances.
24   Accordingly, while Aureoles  has no precedential value, it is cited  because it directly addresses
     the factual issue raised in the instant case, namely specificity of limited waivers of appellate
25   rights and, therefore, is persuasive authority.

26                                          3

CONCLUSION

1. Defendant's motion to vacate, set aside or correct his sentence is DENIED.

2. The Clerk of Court is directed to close companion civil case No. S-05-0744 EJG.

IT IS SO ORDERED.

Dated: April **29**, 2005

EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

4